# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RYAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:11-CV-374-TLS |
| | ) |
| DR. JASON PALMATEER, | ) |
| and MICHAEL MATTERN, | ) |
| | ) |
| Defendants. | ) |

**OPINION & ORDER**

Ryan Smith, a prisoner proceeding pro se in this matter, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he was denied medical treatment while he was held at the Marshall County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under Rule 12(b)(6), a court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants

deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, the Plaintiff alleges that when he arrived at the Marshall County Jail on December 3, 2010, he had been burned over 62% of his body. Nevertheless, despite his daily requests for medical treatment, Jail Commander Michael Mattern denied him any medical treatment until some time in January 2011. When he was finally seen by Dr. Jason Palmateer, his wounds were infected, but it was not until March 2011, that he finally received medical treatment. As a result, he suffered unnecessary pain and slow healing of his wounds. In medical cases, the question is whether the Defendant was deliberately indifferent[1] to the Plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Here, the Plaintiff has alleged facts which plausibly support his claim that both Jail Commander Michael Mattern and Dr. Jason Palmateer denied him medical treatment in violation of the Fourteenth Amendment.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Jail Commander Michael Mattern and Dr. Jason Palmateer in their individual capacities for compensatory damages for denying him medical treatment while he was housed at the Marshall County Jail from December 3, 2010, until March 27, 2011, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

---

[1] Smith was a pre-trial detainee when these events occurred. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).

(3) DIRECTS the Clerk to transmit the summons and USM-285's for Jail Commander Michael Mattern and Dr. Jason Palmateer to the United States Marshals Service along with copies of this order and copies of the complaint;

(4) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Jail Commander Michael Mattern and Dr. Jason Palmateer;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Jail Commander Michael Mattern and Dr. Jason Palmateer respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.[2]

SO ORDERED on October 14, 2011.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[2] N.D. Ind. L.R. 10.1 does not require a verbatim, paragraph by paragraph recitation and response to *pro se* complaints.